SHEARMAN *v.* FELLOWS and Another.

Distinct matters in a plea of set-off are like several counts in a declaration; and if some of the items of set-off be sufficient and others not, the plaintiff may reply to one part of the plea and demur to another; but a demurrer to the whole plea would be bad.

A plea setting out, as matter of set-off, the plaintiff's written acknowledgment of having received from the defendant an order on a lawyer for the proceeds of a claim of the defendant in suit, &c., does not show a subsisting debt due from the plaintiff to the defendant, and is therefore insufficient.

APPEAL from the *Harrison* Circuit Court.

DEWEY, J.—Debt upon a promissory note. The defendant pleaded several pleas upon which there were issues of fact. He also pleaded payment, under the statute, in the nature of set-off, consisting of two items; one is a receipt for 400 dollars in money; the other is as follows: " Received from *Jacob Shearman* his order on lawyer *Preston* of *New-Orleans* for proceeds of his claim, in suit, on *Moreton & Patterson*, which are to be applied to the payment of his debt to us, and the balance to be paid over to *Ormsby, Hite, & Co.*" The plea contains some averments explaining the situation and amount of the claim against. *Moreton & Patterson.* The plaintiffs replied to the first set-off, and traversed it. To the second they demurred. The Court sustained the demurrer, and, on trial of the issues, rendered judgment for the plaintiffs.

The general rule is, that if a plea be bad in part it is insufficient for the whole, and the entire plea must be demurred to. 1 Chitt. Pl. 523. But the plea of set-off containing several distinct matters is an exception. Such a plea is in the nature of several counts in a declaration, and if some of the items of set-off be sufficient, and others invalid, the plaintiff may reply to one part of the plea, and demur to another. A demurrer to the whole plea would be improper. 1 Chitt. Pl. 524.—2 Blacks. R. 910, *Dowsland* v. *Thompson et al.* The plea before us is of this character; the first set-off evidenced by the receipt for 400 dollars in money is proper, but the other receipt is not the evidence of a subsisting claim on the part of the defendant against the plaintiffs. It is merely the acknowledgment of having received an order for

the proceeds of a demand, which the defendant had placed in the hands of a lawyer for collection, which proceeds were to be applied to the payment of the debt due from the defendant to the plaintiffs. But the plea contains no averment that the plaintiffs ever received the proceeds, or that they could have received them. Without such an averment the plea, certainly, shows no matter which could operate in his behalf as a set-off, so far as his demand against *Moreton* & *Patterson* is concerned. There was no error in sustaining the demurrer.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*H. P. Thornton,* for the appellant.

*J. W. Payne,* for the appellees.